[Cite as *State v. King*, 2013-Ohio-1694.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :          C.A. CASE NO.    25151

v.                               :          T.C. NO.    12CRB1413

MATTHEW KING                     :          (Criminal appeal from
                                               Municipal Court)

    Defendant-Appellant        :

                                 :

. . . . . . . . . .

# O P I N I O N

Rendered on the   26th   day of    April   , 2013.

. . . . . . . . . .

ANDREW D. SEXTON, Atty. Reg. No. 0070892, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

TINA M. MCFALL, Atty. Reg. No. 0082586, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Matthew King appeals his conviction and sentence for

one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. King filed a timely notice of appeal with this Court on April 10, 2012.

{¶ 2} The incident which forms the basis for the instant appeal occurred on the morning of March 2, 2012, at approximately 8:41 a.m. when Dayton Police Officer Scott M. Carico was dispatched to 626 Pritz Avenue in Dayton, Ohio, on a report of a female and male fighting in an alleyway. Officer Lyn C. Dunkin was also dispatched to the same address. Officers Carico and Dunkin arrived at the scene simultaneously approximately five minutes after receiving the dispatch.

{¶ 3} Upon arriving in the alleyway located behind the residence, Officer Carico made contact with a female, later identified as Dreama Allen, who he initially described as "physically upset" and "crying." Officer Carico testified that before he said anything to Allen, she stated, "He choked me." Officer Carico asked her who choked her, and she responded, "My boyfriend." Allen then informed Officer Carico that her boyfriend's name was Matthew. Officer Carico testified that while he spoke to Allen, he observed that she had bloody abrasions on her elbow, blood on her pants and shoe, and red marks on her neck.

{¶ 4} Officer Carico testified that approximately one minute later, defendant-appellant King appeared in the backyard of either 624 or 626 Pritz Avenue. Officer Carico further testified that he approached King and asked him what had just occurred in the alley. All King would said was that Allen had called the "f*** police." King never admitted to Officer Carico that he had struck or choked Allen. Officer Dunkin testified that Allen informed him that she and King "stayed together" but did not specify for

how long. Based on Allen's statements and her injuries, Officer Carico arrested King and took him into custody.

{¶ 5} King was subsequently charged by complaint with one count of domestic violence, in violation of R.C. 2919.25(A)(1), a misdemeanor of the first degree, and one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. At his arraignment, King pled not guilty to both counts.

{¶ 6} The matter was tried to the bench on March 13, 2012. Although the State sent her a subpoena, Allen failed to appear and testify at trial. The trial court found King not guilty of domestic violence and guilty of assault. Following a pre-sentence investigation, the trial court sentenced King to 180 days in jail, suspended ninety days of his sentence, gave him credit for twenty-days already served, and ordered him to serve the balance thereof forthwith.

{¶ 7} It is from this judgment that King now appeals.

{¶ 8} King's sole assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED WHEN IT ADMITTED OVER OBJECTION DREAMA ALLEN'S TESTIMONIAL OUT-OF-COURT STATEMENTS VIOLATING THE DEFENDANT'S RIGHT TO CONFRONTATION UNDER THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION."

{¶ 10} In his sole assignment, King contends that the trial court erred by permitting Officer Carico to testify, over defense counsel's objection, regarding Allen's initial, unsolicited statement, "He choked me," that she made when the police first arrived. Specifically, King argues that his Sixth Amendment right to confront any witnesses against

him was violated when Officer Carrico testified regarding statements made by Allen.

{¶ 11}   The decision of a trial court to admit or exclude evidence rests within the sound discretion of the court and will not be disturbed on appeal absent a showing of an abuse of discretion.   *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).

{¶ 12}   "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 13}   A decision is unreasonable if there is no sound reasoning process that would support that decision.   It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 14}   Regarding whether the statements made by Allen to Officer Carrico were "testimonial" in nature and therefore violated Defendant's Sixth Amendment confrontation rights, in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held that a "testimonial" statement from a witness who does not appear at trial is inadmissible against the accused unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine the witness.   In a later case, *Davis v. Washington*, 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the

United States Supreme Court provided the following definition of "testimonial" and "non-testimonial" statements:

> [S]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

{¶ 15} With respect to whether the admission of Allen's statements to police violated King's confrontation rights, we note that Officers Carico and Dunkin were responding to an ongoing emergency at the time Allen made her statements. Allen's primary purpose was to obtain assistance from the officers in resolving that emergency because King was still on the scene. Allen's initial statement that King had choked her was not the product of any police questioning. Under those circumstances, Allen's statement was not testimonial and the Confrontation Clause does not apply. *State v. McDaniel*, 2d Dist. Montgomery No. 24423, 2011-Ohio-6326, at ¶ 27; *State v. Williams*, 6th Dist. Lucas No. L-08-1371, 2009-Ohio-6967, at ¶58.

{¶ 16} Although not addressed by appellant in his brief, we further find that the statements made by Allen were excited utterances, and therefore, not inadmissible hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C).

Hearsay is generally not admissible, subject to several exceptions. Evid.R. 802, 803. One such exception is an excited utterance under Evid.R. 803(2), which provides:

Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

{¶ 17} In order for a statement to qualify as an excited utterance, one must establish:

(a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still [her] reflective faculties and thereby make [her] statements and declarations the unreflective and sincere expression of [her] actual impressions and beliefs, and thus render [her] statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over [her] reflective faculties, so that such domination continued to remain sufficient to make [her] statements and declaration the unreflective and sincere expression of [her] actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in her statement or declaration. *State v. Duncan*, 53 Ohio St.2d 215, 373 N.E.2d 1234 (1978).

{¶ 18}   Upon first seeing Officers Carico and Dunkin, Allen immediately stated that King had just choked her.   Allen had just been the victim of an assault moments earlier, a startling event.   According to Officer Carico, Allen was crying and upset.   Less than five minutes had elapsed since police were dispatched to the home on a report of domestic violence, and less than a minute had elapsed since police made contact with Allen.   Allen exhibited numerous visible injuries, to wit: bloody abrasions on her elbow, and red marks on her neck.   Officer Carico also observed blood on her pants and on her shoe.   Clearly, Allen was still under the stress of excitement caused by the startling violent event.   Allen's statements related to the assault by King.   Additionally, as the victim of the assault, Allen personally observed the violent attack.   Accordingly, Allen's statements were also admissible as excited utterances.   Thus, the trial court did not abuse its discretion when it admitted Allen's initial statements to police at the scene.

{¶ 19}   King's sole assignment of error is overruled.

{¶ 20}   King's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew D. Sexton
Tina M. McFall
Hon. Christopher D. Roberts